**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANGELA HAYTHORN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12 C 5197 |
| | ) | |
| **JIM DOHERTY #151, NATIONAL RAILROAD PASSENGER CORPORATION** d/b/a **AMTRAK**, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Angela Haythorn ("Haythorn") has sued Jim Doherty ("Doherty") and National Railroad Passenger Corporation ("Amtrak"), claiming a deprivation of constitutional rights resulting from an altercation between Haythorn and Doherty (an Amtrak employee). Unfortunately for Haythorn, her counsel's expenditure of $350 of her money to file this action has been extraordinarily ill-considered.

Complaint Count I, advanced against Doherty in his individual capacity under the purported auspices of 42 U.S.C. § 1983 ("Section 1983"), is totally mistaken in asserting that he "was acting under color of state law, ordinance and/or regulations or statutes") (Complaint ¶ 5). It has been clear for over 17 years that Amtrak is an agency or instrumentality of the <u>United States</u> for the purpose of individual rights guaranteed against the Government by the Constitution (<u>Lebron v. Nat'l R.R. Passenger Corp.</u>, 513 U.S. 374, 394 (1995)). And that being so, no federal subject matter jurisdiction is conferred by Section 1983 (which applies by its terms to <u>State</u> actors).

Complaint Count II is asserted against Amtrak under respondeat superior principles, with that count invoking supplemental jurisdiction under 28 U.S.C. § 1367. With no federal underpinning provided by Count I, that claim fails as well.

Accordingly both the Complaint and this action are dismissed. This memorandum opinion and order has been issued sua sponte in accordance with the teaching of <u>Wernsing v. Thompson</u>, 423 F. 3d 732, 743 (7th Cir. 2005) (internal citations and quotation marks omitted):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 6, 2012.